ROSE *v.* LOCKERBY.

1. EVIDENCE — MORTGAGES — AMOUNT DUE — STATEMENTS OF DE-
CEASED MORTGAGOR.

Statements made by a deceased mortgagor, in his own inter-
est, as to payments claimed to have been made by him upon
the mortgage, are not admissible to prove such payments,
though all the parties who knew the facts are dead.

2. SAME—TAXATION—ASSESSMENT—CUSTOM.

The fact that a mortgage was assessed for taxation for the
exact amount of the principal has no tendency to show that
no interest was due at the time of the assessment, especially
where it appears from the testimony of the local officers
that all mortgages were customarily so assessed.

3. SAME—AMBIGUOUS INDORSEMENT—PRESUMPTIONS.

No presumption arises that a memorandum on the back of a
mortgage owned by a decedent, "No. 131.    January 2.
Quincy.    $4,719.50,"—was made by the deceased in the year
the mortgage matured, to represent the amount due at that
time.

Appeal from Branch; Yaple, J.    Submitted February
1, 1898.    Decided March 15, 1898.

Bill by Lester E. Rose, administrator of the estate
of Augustus S. Glessner, deceased, against Cornelia
Lockerby and others, to foreclose a mortgage.    From a
decree for complainant, defendants appeal.    Affirmed.

*Loveridge & Loveridge*, for complainant.

*Lockerby & Lockerby*, for defendants.

LONG, J.    William Lockerby and wife, on January 2,
1886, executed and delivered to Augustus S. Glessner
their promissory note in the sum of $3,916, due in 10
years from date, with interest at 7 per cent. per annum,
payable annually, and, on the same date, to secure pay-

ment of this note, they executed and delivered to said Glessner a real-estate mortgage in like amount, and payable at the same time. It is conceded by all parties that the note and mortgage are a valid and existing claim. The only question involved in the case is as to the amount unpaid on the same. William Lockerby died October 19, 1895, leaving surviving him a widow and three children, who are all of age, and who, together with the executor, William H. Lockerby, are all defendants in this suit. Augustus S. Glessner, the mortgagee, died March 19, 1896, and the bill in this cause is filed by his administrator to foreclose the mortgage. The case was brought on regularly for hearing upon proofs taken in open court, and a decree was made in favor of the complainant on March 1, 1897, for $6,589.86 and costs. From this decree the defendants appeal.

The complainant offered in evidence the note and mortgage, and proved by a circuit court commissioner, who had made a computation of the note and mortgage, that there was due upon them at that date, December 16, 1896, after deducting all indorsements that appeared upon the note and mortgage, the sum of $7,681.59. Complainant then rested. The proofs offered by the defendants were, in substance, as follows: Gilbert Corless, a farm hand who lived on the Lockerby farm from 1887 to 1891, testified that he drew from 20 to 30 cords of wood to Glessner each year; that he probably drew in all 100 cords, worth on an average $3.50 per cord; that he did not know just how much he drew, and could only estimate it; and did not know whether or not Mr. Glessner applied this on the mortgage, or paid cash for a part of it. He further testified, under objection, as to some statements Mr. Lockerby, the mortgagor, made to him as to payments of interest on the mortgage in 1890 and 1891. Mrs. Cornelia Lockerby, the widow, testified, also under objection, as to some statements Mr. Lockerby had made to her as to his having paid interest on the mortgage. Fred Moore testified that he helped draw about 30 cords of 4-foot wood in

the winter of 1887–88, worth $4 a cord, and that he knew of wood being drawn other winters, but did not know how much was drawn, and could only estimate it.

Defendants offered in evidence, also under objection, the assessment and tax rolls for 1892 and 1893 for the township of Quincy, from which it appeared that in the assessments of the mortgaged premises Mr. Glessner's mortgage interest was assessed separately at $3,916, being the exact principal of the mortgage. The treasurer, J. D. Mosher, the witness through whom the rolls were offered, testified that it was the custom to assess mortgages for the amount of the principal as it appeared on the records; that he did not know the assessment was made in this case from any statements made either by Mr. Lockerby or Mr. Glessner; all he knew about it was as it appeared on the rolls. Edson Blackman testified that he was supervisor of Quincy in 1893, and that he assessed the mortgage interest of Mr. Glessner that year at $3,900; that he got the amount of the mortgage from Mr. Lockerby; that Mr. Lockerby gave in the mortgage to him at $3,900; that he could not swear whether it was interest or principal. The only other evidence offered by the defendants was a notice of a mortgage sale of the premises, dated January 7, 1896, under which Mr. Glessner, as mortgagee, was proceeding to foreclose said mortgage at the time of his death, and in which he stated that there was due and unpaid on the mortgage at that date $6,100. The complainant then called Mr. Charles Howe, Mr. Glessner's attorney, who testified that Mr. Glessner had talked with him in reference to his foreclosure of this mortgage, and had told him the whole transaction connected with the mortgage; that there was more due upon it than he had put in the notice of sale; that it was a large mortgage on the piece of land, that he would get the place anyway, and that he did not think there was any use of putting any more in the notice.

This is practically all the evidence in the case.

It is admitted by counsel for the defendants that ordi-

narily the testimony of what Mr. Lockerby said as to payments upon the mortgage would not be considered as the best evidence, but it is claimed that in this case great latitude should be given, as the only parties who could testify to the facts are dead. The statements, however, of Mr. Lockerby as to the payments made upon the mortgage are wholly incompetent, and cannot be considered. They are statements in his own interest.

The fact that the mortgage was assessed in 1892 and 1893 for the face value can have no weight in determining the amount due, especially under the admission of witness that it was usual to assess mortgages for their face value; and this mortgage was so assessed.

The notice of the mortgage foreclosure made in the lifetime of Mr. Glessner, stating the amount due January 7, 1896, to be $6,100, was taken by the court to be the true amount at that time, upon which, computed with interest, it was found by the decree that only $6,589.86 was due, although the commissioner found $7,681.59 due, deducting all indorsements upon the note. Certainly, the defendants have no reason to complain of the action of the court; and the complainant, not having appealed, cannot now complain.

The mortgage, as printed in the record, shows a memorandum on the back of it as follows: "No. 131. January 2. Quincy. $4,719.50,"—but upon the hearing below, so far as this record is concerned, the attention of the court or counsel was not called to that memorandum, and no proofs were offered in reference to it. Counsel now claim that the memorandum is in the handwriting of Mr. Glessner, and that it must be presumed it was made in the year 1896, which would be the year the mortgage became due. We cannot assume that it was Mr. Glessner's handwriting, or that it was made in 1896, and intended to represent the amount due at that time. Even if the presumption arises that it was made by Mr. Glessner, yet it might have been made in some year prior to 1896, and as well have represented the amount due in a former year.

Upon the whole record, we are satisfied the court below has not erred in the amount due on the mortgage. The decree must be affirmed, with costs.

The other Justices concurred.